UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, </br>Secretary of Labor, </br>United States Department of Labor, </br></br>Petitioner, </br></br>v. </br></br>**TNT OUTDOOR LANDSCAPE SERVICES, LLC**, </br></br>Respondent. | Misc. Case No.: 2:22-mc-11 </br></br>Judge: </br></br>Magistrate Judge: |

**SECRETARY OF LABOR'S PETITION FOR
ENFORCEMENT OF ADMINISTRATIVE SUBPOENA *DUCES TECUM***

Petitioner **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, ("Secretary") by and through his counsel, pursuant to Section 9 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*, ("FLSA" or "Act"), applies to this Court for an Order requiring Respondent **TNT OUTDOOR LANDSCAPE SERVICES, LLC** ("TNT" or "Respondent") to comply with the Subpoena *Duces Tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor, and duly served upon Respondent, and an order tolling the statute of limitations.

I

Jurisdiction to issue the Order is conferred upon this Court by Section 9 of the Act, 29 U.S.C. § 209, and by Sections 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

## II

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act . . . as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act." 29 U.S.C. § 211. Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the production of documents, *inter alia*, are applicable to the Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

## III

A.  Michael Lazzeri is the Regional Administrator of the Wage and Hour Division, United States Department of Labor, who, among others, has been delegated the authority by the Secretary to issue administrative subpoenas under the Act.

B.  Mary O'Rourke is the District Director of the Grand Rapids District Office of the Wage and Hour Division, United States Department of Labor.

C.  Robert A. Darling is the Assistant District Director of the Grand Rapids District Office of the Wage and Hour Division, United States Department of Labor.

IV

Respondent, at all times referred to herein, is and was a Michigan corporation with an office and principal place of business located at 8628 Cairn Highway, Elk Rapids, Michigan 49690, within the jurisdiction of this Court.

V

In order to conduct a thorough investigation into the wages, hours and other conditions and practices of employment, pursuant to section 11 of the FLSA, Wage and Hour investigators regularly review, copy and/or transcribe information from employers' records including, but not limited to, payroll records and records of hours worked, question and interview employees, and collect and review other relevant data relating to compliance by employers under the Act.

VI

Pursuant to the power vested in him as Regional Administrator of the Wage and Hour Division, United States Department of Labor, Michael Lazzeri signed and issued an administrative Subpoena *Duces Tecum* ("Subpoena") requiring Respondent to produce designated books, records, and documents, listed on the attachment to the Subpoena, concerning matters within the scope of an investigation being conducted pursuant to the FLSA, 29 U.S.C. § 211, to Robert A.

Darling, Assistant District Director, Wage and Hour Division, Grand Rapids District Office, United States Department of Labor, 800 Monroe Avenue NW, Suite 315, Grand Rapids, Michigan 49503, or Mary O'Rourke, District Director, Wage and Hour Division, Grand Rapids District Office, United States Department of Labor, 800 Monroe Avenue NW, Suite 315, Grand Rapids, Michigan 49503, on or before February 11, 2022, at 10:00 a.m. A copy of the Subpoena *Duces Tecum* is attached hereto and incorporated herein by reference as Exhibit A.

## VII

On January 22, 2022, the Subpoena was served upon Respondent by hand delivering a duplicate original of the Subpoena to TNT's owner and President, Taylor Umstead, at 8628 Cairn Highway, Elk Rapids, Michigan 49690. *See* Certificate/Affidavit of Service, attached hereto as Exhibit A-1.

## VIII

Prior to the issuance of the Subpoena, the Secretary engaged in a number of attempts to obtain the records from Respondent. The Secretary's attempts to secure the documents by other means is reflected in the various requests, conversations, and correspondence exchanged between the Secretary's representatives and Respondent in October and November 2021. (*See Declaration of Wage and Hour Investigator Nicholas Stewart in Support of the Secretary of Labor's Petition to Enforce Administrative Subpoena Duces Tecum*, attached hereto and incorporated herein by reference as Exhibit B and *Declaration of Wage and Hour Assistant District Director Robert A. Darling in Support of the Secretary of Labor's Petition to*

4

*Enforce Administrative Subpoena Duces Tecum*, attached hereto and incorporated herein by reference as Exhibit C). As a result of the failure of Respondent to produce the documents requested, the Subpoena was issued and served on Respondent as provided herein. *See* Exhibit A-1.

### IX

After the issuance of the Subpoena, the Secretary again attempted to obtain the records from Respondent. (*See Certified Letter to Respondent,* dated September 21, 2022, attached hereto and incorporated herein by reference as Exhibit D). Respondent did not respond to that letter and has failed to comply with the Subpoena, and its failure to produce each of the specified books, records, and documents, as required by the Subpoena, has impeded and continues to impede the Secretary's lawful investigation under the provisions of section 11 of the FLSA.

**WHEREFORE**, the Secretary respectfully requests this Court Issue an Order:

(a) Requiring Respondent to appear before this Court, within 14 days from the service of this Petition and its accompanying Memorandum and Exhibits, on a date certain, to show cause, if any it has, why it should not comply with and obey the administrative Subpoena *Duces Tecum* in each and every requirement thereof;

(b) Requiring Respondent to appear, at a time and place to be determined by the Court, before a duly appointed official of the United States Department of Labor, and to produce, at that time, all items and documents listed and described in the administrative Subpoena *Duces Tecum*;

5

(c) Tolling the statute of limitations from February 11, 2022, the date Respondent first failed to comply with the Secretary's Subpoena *Duces Tecum*, until such date as the Secretary informs the Court that Respondent has complied in full;

(d) Requiring Respondent to pay all costs and expenses incurred by the Secretary in this matter; and

(e) For such other just and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. Address:

*/s/ Travis W. Gosselin*
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-6991
Fax No.: 312/353-5698
E-mail: gosselin.travis@dol.gov

**TRAVIS W. GOSSELIN**
Trial Attorney

Attorneys for MARTIN J. WALSH
Secretary of Labor
U.S. Department of Labor
Petitioner

6